IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VILMA NAVA,

      Plaintiff,                              No. CIV S-11-0012 FCD EFB PS

      vs.

CALIFORNIA DEPARTMENT OF
MOTOR VEHICLES,

      Defendant.                           <u>ORDER</u>
_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the affidavit required thereunder which demonstrates that plaintiff is unable to prepay fees and costs or give security thereof. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the *in forma pauperis* statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1

1   Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's complaint alleges that she has been discriminated against and harassed by her employer, the California Department of Motor Vehicles, on the basis of her disability. Compl., Dckt. No. 1. Plaintiff contends that she had polio when she was younger and that it affected the right side of her body, especially her right hand. *Id.* at 2.

Although her complaint does not state what statutes or constitutional provisions plaintiff alleges defendant violated, the civil cover sheet attached to plaintiff's complaint indicates that plaintiff is purporting to state a claim under Titles I and IV of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. *See* Dckt. No. 1-1 (citing 42 U.S.C. §§ 12111, 12112, 12203).

In order to state a Title I ADA claim, plaintiff must show that she is (1) disabled under the ADA; (2) a qualified individual able to perform the essential functions of the job; and (3) discriminated against because of the disability. *See* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."); *Bates v. United Parcel Serv., Inc*., 511 F.3d 974, 988 (9th Cir. 2007). The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C.

1  § 12102(1). Plaintiff's complaint does not establish any of those elements.

2  In order to state a Title IV ADA claim for retaliation, plaintiff must show (1) that she was involved in a protected activity; (2) defendant subjected plaintiff to an adverse action; and (3) there is a causal link between the protected activity and defendant's action. *Munir v. Thomas*, 2008 WL 64110, at *6 (E.D. Cal. Mar. 5, 2008) (citing *Brown v. City of Tucson*, 336 F.3d 1181, 1186-87 (9th Cir. 2003) (outlining the elements of a prima facie case of ADA retaliation under a burden-shifting analysis)). Pursuing one's rights under the ADA constitutes protected activity. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004). In the context of employment cases, an adverse action is any action reasonably likely to deter employees from engaging in protected activity. *Id.* Plaintiff's complaint also does not establish any of those elements.

Therefore, plaintiff's complaint will be dismissed with leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, she shall allege the above elements of an ADA claim. For example, to allege a Title I claim, she must allege that she is disabled within the meaning of the ADA and that she is a qualified individual who can perform the essential function of her position with reasonable accommodations, and she shall specifically allege how defendant discriminated against her on the basis of that disability. To allege a Title IV claim, she must allege that she was involved in a protected activity, that defendant subjected her to an adverse action, and that there is a causal link between the protected activity and defendant's action.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

4

1  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
2  alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
3  1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.
4  Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5      Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
6  Procedure, this court's Local Rules, or any court order may result in a recommendation that this
7  action be dismissed. *See* Local Rule 110.

8      Accordingly, IT IS ORDERED that:

9      1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

10      2. Plaintiff's complaint is dismissed with leave to amend; and

11      3. Plaintiff is granted thirty days from the date of service of this order to file an amended
12  complaint. The amended complaint must bear the docket number assigned to this case and must
13  be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended
14  complaint. Failure to timely file an amended complaint in accordance with this order will result
15  in a recommendation this action be dismissed.

16  DATED: April 28, 2011.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE