1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  VILMA NAVA,

11          Plaintiff,                    No. CIV S-11-0012 FCD EFB PS

12      vs.

13  CALIFORNIA DEPARTMENT OF
    MOTOR VEHICLES,

14
         Defendant.                       ORDER
15  _____/

16      This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17  undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule

18  302(c)(21).  On April 28, 2011, the undersigned granted plaintiff's request to proceed *in forma*

19  *pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint for failure to state a

20  claim pursuant to 28 U.S.C. § 1915(e)(2).  Dckt. No. 3.  The order provided plaintiff thirty days

21  to file an amended complaint in accordance with the April 28, 2011 order.  *Id.*

22      On May 31, 2011, plaintiff filed a motion to appoint counsel.  Dckt. No. 4.  Plaintiff

23  contends that she cannot adequately represent herself but cannot afford an attorney.  *Id.* at 1, 3.

24  To the extent plaintiff's request for appointment of counsel is brought pursuant to 28 U.S.C.

25  § 1915(d), that request is denied without prejudice.  The court may only designate counsel to

26  represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(d) in certain exceptional

                                    1

1   circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.*

2   *Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th

3   Cir. 1988).  In considering whether exceptional circumstances exist, the court must evaluate (1)

4   the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate

5   her claims pro se in light of the complexity of the legal issues involved.  *Terrell*, 935 F.2d at

6   1017.  The court cannot conclude that plaintiff's likelihood of success, the complexity of the

7   issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional

8   circumstances justifying the appointment of counsel at this time.

9          However, plaintiff's motion to appoint counsel, Dckt. No. 4, will also be construed as a

10  request for an extension of time for plaintiff to file an amended complaint since the motion for

11  counsel appears to address some of the concerns raised in the April 28, 2011 order.  That request

12  for an extension of time to file an amended complaint will be granted.

13         Accordingly, IT IS ORDERED that:

14         1.  Plaintiff's motion to appoint counsel, Dckt. No. 4, is denied without prejudice.

15         2.  Plaintiff's request for an extension of time to file an amended complaint, Dckt. No. 4,

16  is granted.

17         3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

18  complaint, as provided in the April 28, 2011 order.  The amended complaint must bear the

19  docket number assigned to this case and must be labeled "Amended Complaint."  Plaintiff must

20  file an original and two copies of the amended complaint.  Failure to timely file an amended

21  complaint in accordance with this order will result in a recommendation this action be dismissed.

22  DATED:  June 7, 2011.

23  _____
    EDMUND F. BRENNAN

24  UNITED STATES MAGISTRATE JUDGE

25

26