1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VILMA NAVA,

11           Plaintiff,                    No. CIV S-11-0012 FCD EFB PS

12      vs.

13   CALIFORNIA DEPARTMENT OF
     MOTOR VEHICLES,
14
             Defendant.                    <u>ORDER</u>
15   _____/

16          On April 28, 2011, the undersigned granted plaintiff's request for leave to proceed *in

17   forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to

18   amend pursuant to 28 U.S.C. § 1915(e)(2).  Dckt. No. 3.  The court noted that "[a]lthough

19   [plaintiff's] complaint does not state what statutes or constitutional provisions plaintiff

20   alleges defendant violated, the civil cover sheet attached to plaintiff's complaint indicates that

21   plaintiff is purporting to state a claim under Titles I and IV of the Americans with Disabilities

22   Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*." *Id.* at 3.  The court then dismissed plaintiff's

23   complaint since plaintiff failed to establish any of the elements of a Title I or a Title IV ADA

24   claim, but gave plaintiff leave to file an amended complaint.  *Id.* at 4.  The court informed

25   plaintiff that should she choose to file an amended complaint, she needed to allege the

26   elements of an ADA claim.  *Id.*  The court provided that to allege a Title I claim, the amended

1

1  complaint "must allege that [plaintiff] is disabled within the meaning of the ADA and that she is

2  a qualified individual who can perform the essential function of her position with reasonable

3  accommodations, and she shall specifically allege how defendant discriminated against her on

4  the basis of that disability," and to allege a Title IV claim, the amended complaint "must allege

5  that [plaintiff] was involved in a protected activity, that defendant subjected her to an adverse

6  action, and that there is a causal link between the protected activity and defendant's action."  *Id.*

7       On June 29, 2011, plaintiff filed an amended complaint.  Dckt. No. 6.  The amended

8  complaint alleges that defendant terminated her health benefits and her life insurance benefits.

9  *Id.*  However, the amended complaint still does not allege any of the elements of either a Title I

10  or a Title IV ADA claim, nor does it allege the elements of any other federal causes of action.

11       As noted in the April 28, 2011 order, although *pro se* pleadings are liberally construed,

12  *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be

13  dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief

14  that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

15  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's

16  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

17  conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual

18  allegations must be enough to raise a right to relief above the speculative level on the assumption

19  that all of the complaint's allegations are true."  *Id.* (citations omitted).  Dismissal is appropriate

20  based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to

21  support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

22  Cir. 1990).

23       In reviewing a complaint under this standard, the court must accept as true the allegations

24  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

25  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

26  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

1  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

2  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

3  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

4  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

5  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

6      Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

7  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

8  *Co*., 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

9  1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

10  jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

11  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

12  (3) be authorized by a federal statute that both regulates a specific subject matter and confers

13  federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

14  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

15  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

16  *Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

17  of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

18  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

19  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

20      Because plaintiff's amended complaint still fails to allege the elements of either a Title I

21  or a Title IV ADA claim, the amended complaint will once again be dismissed.  However,

22  plaintiff is granted leave to file a second amended complaint to the extent that she can allege

23  each of the elements of a Title I and/or Title IV ADA claim, as described above, or the elements

24  of another federal cause of action.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

25  banc) (district courts must afford pro se litigants an opportunity to amend to correct any

26  deficiency in their complaints).

3

1        Plaintiff is reminded that the court cannot refer to prior pleadings in order to make an

2   amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

3   in itself.  This is because, as a general rule, an amended complaint supersedes the original

4   complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files a

5   second amended complaint, the first amended complaint no longer serves any function in the

6   case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which

7   are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814

8   (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.

9   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

10        Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

11   Procedure, this court's Local Rules, or any court order may result in a recommendation that this

12   action be dismissed.  *See* Local Rule 110.

13        Accordingly, IT IS ORDERED that:

14        1.  Plaintiff's first amended complaint is dismissed with leave to amend.

15        2.  Plaintiff is granted thirty days from the date of service of this order to file a second

16   amended complaint that complies with the directives herein.  The amended complaint must bear

17   the docket number assigned to this case and must be labeled "Second Amended Complaint."

18   Plaintiffs must file an original and two copies of the second amended complaint.  Failure to

19   timely file a second amended complaint in accordance with this order will result in a

20   recommendation this action be dismissed.

21   DATED:  July 8, 2011.

22

23                     EDMUND F. BRENNAN
                  UNITED STATES MAGISTRATE JUDGE

24

25

26