|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | IN THE UNITED STATES DISTRICT COURT |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VILMA NAVA,

      Plaintiff,                                     No. CIV S-11-0012 FCD EFB PS

      vs.

FLORENCE LAGROSA; CALIFORNIA
DEPARTMENT OF MOTOR VEHICLES,

      Defendants.                   <u>ORDER</u>
_____/

      On April 28, 2011, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Dckt. No. 3. The court noted that "[a]lthough [plaintiff's] complaint does not state what statutes or constitutional provisions plaintiff alleges defendant violated, the civil cover sheet attached to plaintiff's complaint indicates that plaintiff is purporting to state a claim under Titles I and IV of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*" *Id.* at 3. The court then dismissed plaintiff's complaint since plaintiff failed to establish any of the elements of a Title I or a Title IV ADA claim, but gave plaintiff leave to file an amended complaint. *Id.* at 4. The court informed plaintiff that should she choose to file an amended complaint, she needed to allege the elements of an ADA claim. *Id.* The court provided that to allege a Title I claim, the amended

1

1 complaint "must allege that [plaintiff] is disabled within the meaning of the ADA and that she is
2 a qualified individual who can perform the essential function of her position with reasonable
3 accommodations, and she shall specifically allege how defendant discriminated against her on
4 the basis of that disability," and to allege a Title IV claim, the amended complaint "must allege
5 that [plaintiff] was involved in a protected activity, that defendant subjected her to an adverse
6 action, and that there is a causal link between the protected activity and defendant's action." *Id.*

7 On June 29, 2011, plaintiff filed an amended complaint. Dckt. No. 6. The amended
8 complaint alleged that defendant terminated her health benefits and her life insurance benefits.
9 *Id.* However, the amended complaint still did not allege any of the elements of either a Title I or
10 a Title IV ADA claim, nor did it allege the elements of any other federal causes of action.
11 Therefore, on July 8, 2011, the court dismissed plaintiff's first amended complaint, but provided
12 plaintiff leave to file a second amended complaint to the extent that she could allege each of the
13 elements of a Title I and/or Title IV ADA claim, or the elements of another federal cause of
14 action. Dckt. No. 7 at 3.

15 On August 4, 2011, plaintiff filed a second amended complaint. Dckt. No. 8. The second
16 amended complaint alleges that her supervisor at the California Department of Motor Vehicles,
17 Florence Lagrosa, did not want to train plaintiff and wanted plaintiff to type, even though the
18 supervisor knew that plaintiff could not use her right hand. *Id.* at 1. Plaintiff alleges that she had
19 letters from her doctors "telling management to put [plaintiff] back [in her] old unit" but that
20 management refused to do so until she agreed to a demotion and a cut in pay. *Id.* at 1-3.
21 Although the allegations are sparse, the court cannot state at this time that the second amended
22 complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks
23 monetary relief against an immune defendant.

24 Accordingly, IT IS HEREBY ORDERED that:

25 1. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal
26 Rule of Civil Procedure 4.

    2. The Clerk of Court shall send plaintiff two USM-285 forms, one summons, a copy of the complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes and the court's voluntary dispute resolution program.

    3. Plaintiff is advised that the U.S. Marshal will require:

        a. One completed summons;

        b. One completed USM-285 form for each defendant;

        c. A copy of the complaint for each defendant, with an extra copy for the U.S. Marshal; and,

        d. A copy of this court's scheduling order and related documents for each defendant.

    4. Plaintiff shall supply the United States Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall, within 14 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal*.

    5. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiffs, without prepayment of costs. *The United States Marshal shall, within 14 days thereafter, file a statement with the court that said documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

    6. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

////

////

////

3

      7.  Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: September 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4